[DO NOT PUBLISH]

In the

# United States Court of Appeals

### For the Eleventh Circuit

————————————————

No. 23-11891

Non-Argument Calendar

————————————————

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

*versus*

MADERSON ALRICHE,
a.k.a. Jeffson Appiah,

Defendant-Appellant.

————————————————

Appeal from the United States District Court
for the Southern District of Florida
D.C. Docket No. 1:18-cr-20217-KMW-1

_____

Before NEWSOM, BRASHER, and BLACK, Circuit Judges.

PER CURIAM:

Maderson Alriche appeals his 13-month sentence imposed upon revocation of his supervised release. Alriche asserts his sentence is procedurally unreasonable because the district court did not consider the 18 U.S.C. § 3553(a) factors or any mitigating circumstances, and the court primarily relied on contested facts. Alriche also contends his sentence is substantively unreasonable. After review,[1] we affirm.

## I. **PROCEDURAL REASONABLENESS**

A sentence is procedurally unreasonable if the district court fails to consider certain 18 U.S.C. § 3553(a) factors. *United States v. Trailer*, 827 F.3d 933, 936 (11th Cir. 2016). The factors a court should consider upon the revocation of supervised release include the nature and circumstances of the offense, the history and characteristics of the defendant, adequate deterrence, and the need to protect the public. 18 U.S.C. § 3583(e); 18 U.S.C. § 3553(a)(1), (a)(2)(B-C). Although the district court must consider the § 3553(a) factors, it need not state on the record that it has explicitly considered each of the factors or discuss each in detail. *United States v.*

---

[1] A sentence imposed upon revocation of supervised release is reviewed for reasonableness. *United States v. Sweeting*, 437 F.3d 1105, 1106-07 (11th Cir. 2006).

*Kuhlman*, 711 F.3d 1321, 1326 (11th Cir. 2013).  The adequacy of a sentencing judge's explanation of the sentence will be upheld if the "record showed that the judge listened to the evidence and arguments and was aware of the various factors the defendant put forward for a lesser sentence." *United States v. Irey*, 612 F.3d 1160, 1195 (11th Cir. 2010) (*en banc*).

A district court's sentence is also procedurally unreasonable if the court failed to adequately explain the chosen sentence. *Trailer*, 827 F.3d at 936.  A district court, however, is not "required to articulate [its] findings and reasoning with great detail or in any detail for that matter." *Irey*, 612 F.3d at 1195.  Even if the district court fails to articulate explicitly that it has considered the § 3553(a) factors, the sentence is not rendered unreasonable if the record indicates the court did, in fact, consider a number of the sentencing factors. *United States v. Dorman*, 488 F.3d 936, 944 (11th Cir. 2007).

Alriche did not object to his sentence on the grounds the district court failed to consider the § 3553(a) factors, or that it improperly relied on contested facts, so we review his procedural reasonableness arguments for plain error. *See United States v. Vandergrift*, 754 F.3d 1303, 1307 (11th Cir. 2014) (explaining if a party does not make an argument of procedural reasonableness before the district court, we ordinarily review only for plain error).  As to Alriche's first argument, the district court is not required to recite the § 3553(a) factors by name, so long as the record shows that it considered several of them. *Dorman*, 488 F.3d at 944.  The court stated it reviewed the Presentence Investigation Report and the

supervised release violation report, which pertain to Alriche's history and characteristics and the nature and circumstances of the instant offense. 18 U.S.C. § 3553(a)(1). Second, the court said it considered the mitigating factors set forth by Alriche, which also pertain to his history and characteristics. *Id.* Third, the court considered the Government's argument, which addressed the need to protect the public from further crimes by Alriche. 18 U.S.C. § 3553(a)(2)(C). Fourth, the district court's finding that a Guidelines sentence was appropriate, "because it [seemed] like the same mistakes [kept] getting made in the same way over and over and over again," shows the court considered deterrence in imposing its sentence. 18 U.S.C. § 3553(a)(2)(B). Finally, the district court explained it considered "the statement of all the parties." This acknowledgement demonstrates the court "listened to the evidence and arguments and was aware of the various factors the defendant put forward for a lesser sentence." *Irey*, 612 F.3d at 1195.

As to Alriche's second argument, that the district court improperly relied on contested facts, this argument is meritless. Alriche admitted to possessing, receiving, or retaining stolen credit cards or debit cards. Alriche failed to meet his burden of showing the district court's sentence was procedurally unreasonable under plain-error review. *See Vandergrift*, 754 F.3d at 1307.

## II. SUBSTANTIVE REASONABLENESS

When reviewing for substantive reasonableness, the party challenging a sentence bears the burden of proving the sentence is unreasonable in light of the record, the factors listed in 18 U.S.C.

§ 3553(a), and the substantial deference afforded sentencing courts. *United States v. Rosales-Bruno*, 789 F.3d 1249, 1256 (11th Cir. 2015). The district court abuses its discretion when it "(1) fails to afford consideration to relevant factors that were due significant weight, (2) gives significant weight to an improper or irrelevant factor, or (3) commits a clear error of judgment in considering the proper factors." *Irey*, 612 F.3d at 1189 (quotation marks omitted).

The weight given to any specific § 3553(a) factor is committed to the sound discretion of the district court, and we will not substitute our judgment in weighing the relevant factors. *Rosales-Bruno*, 789 F.3d at 1254. The district court also does not have to give all the factors equal weight and is given discretion to attach great weight to one factor over another. *Id*. Along with the § 3553(a) factors, the district court should also consider the particularized facts of the case and the Guidelines range. *Id*. at 1259-60.

Alriche's within-Guidelines-range sentence is substantively reasonable. Alriche's claim the district court ignored mitigating factors is unsupported by the record. As discussed above, the court considered several § 3553(a) factors, along with the various factors that Alriche put forward for a lesser sentence. Still, despite Alriche's post-release progress, the district court was within its discretion to heavily weigh the factors of deterrence and the history and characteristics of the defendant. *Rosales-Bruno*, 789 F.3d at 1254. Because Alriche's 13-month sentence was within the Guidelines range, there is an expectation of reasonableness. *See United States v. Wayerski*, 624 F.3d 1342, 1353 (11th Cir. 2010) (stating there "is

an expectation of reasonableness when a district court imposes a sentence within the applicable Guidelines range"). Alriche has failed to show the district court abused its discretion in weighing the § 3553(a) factors. *See Rosales-Bruno*, 789 F.3d at 1256; *see also Irey*, 612 F.3d at 1189. Accordingly, we affirm Alriche's sentence.

**AFFIRMED.**